UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHAWN THOMAS,**

    **Plaintiff,**

    v.

                            Civil Action 2:10-cv-0152
                            Judge James L. Graham
                            Magistrate Judge Elizabeth P. Deavers

**MR. McDOWELL,** *et al.*,

    **Defendants.**

## ORDER and REPORT & RECOMMENDATION

    Plaintiff, Shawn Thomas, an Ohio inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants, employees, and former employees of the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging that Defendants violated his Eighth and First Amendment rights.  This matter is before the Court for consideration of Plaintiff's Motion for Third Leave to Amend Complaint (ECF No. 90) and Defendants' Memorandum in Opposition (ECF No. 92).  For the reasons that follow, Plaintiff's Motion is **DENIED**.  This matter is also before the Court for the initial screen of Plaintiff's Amended Complaint (ECF No. 71) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  For the reasons that follow, it is **RECOMMENDED** that Plaintiff's medical indifference and conspiracy claims be

**DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that Messrs. Cook, McDowell, and Gleen be **DISMISSED** as Defendants.

### I.

Plaintiff filed the instant action on February 19, 2012, alleging that Defendants Spohn, Eitell, and McDowell utilized excessive force against him in violation of the Eighth Amendment. He also alleged that John and Jane Doe Madison Correctional Institution ("MCI") Infirmary Medical Staff Members conspired to "cover-up" the physical injuries he sustained from the alleged use of force incident. (Compl. 7, ECF No. 2.) Upon an initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court permitted Plaintiff proceed on his claims of excessive force and conspiracy.

On May 24, 2011, the Court ordered Plaintiff to show cause within sixty days why the Court should not dismiss his John and Jane Doe Defendants pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 35.) When Plaintiff failed to respond to the Order, the undersigned issued a Report and Recommendation, recommending dismissal of the John and Jane Doe MCI Infirmary Medical Staff Members. (ECF No. 39.) Plaintiff failed to object to the Report and Recommendation, which the Court adopted on October 18, 2011. (ECF No. 60.)

Plaintiff subsequently moved to amend his Complaint to add claims against four new Defendants. (ECF No. 61.) Specifically, Plaintiff sought to add "Mr. Gleen," an MCI nurse that Plaintiff alleges improperly denied him medical care based upon his incorrect assertions that "there was no acute damaging or bruising or markings visible" on Plaintiff after the incident. (Am. Compl. ¶ 11, ECF No. 71.) Plaintiff also sought to add retaliation claims against Defendants Pennington and Eitell and a failure to train claim against MCI's Warden, Defendant Cook. Plaintiff sought to add Mr. McDowell as a Defendant, but the Court is unable to discern

what claims he attempted to assert against him.  Finally, Plaintiff sought to add Defendant Young, a MCI corrections officer, alleging that Defendant Young had subjected him to cruel and unusual punishment when he verbally harassed him, refused to let him sleep and forced him to stand up, and refused to allow him to use the restroom.  The Court granted Plaintiff's Motion, causing his Amended Complaint to be filed on December 12, 2011.  (ECF Nos. 70 and 71.)  The Court did not, however, screen Plaintiff's newly-asserted claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A at that juncture.

On June 6, 2012, Plaintiff filed the subject Motion for Third Leave to Amend Complaint.  (ECF No. 90.)  Plaintiff now seeks leave to amend his Amended Complaint to substitute in the name "Mr. Green" for the Defendant he previously identified as "Mr. Gleen" and to add two additional Defendants, Messrs. Pepper and Harris.  Defendants oppose Plaintiff's Motion, citing futility, undue delay, and prejudice.

**II.**

The Court first screens Plaintiff's Amended Complaint (ECF No. 71) pursuant to §§ 1915(e) and 1915A before considering whether he may further amend his Amended Complaint to add new Defendants.

**A.      Screen of Plaintiff's Amended Complaint (ECF No. 71)**

     **1.      Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*,

3

490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*    \*    \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a the complaint if it is frivolous, malicious, or fails to state a claim).  Thus, § 1915(e) and § 1915A require *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 566 U.S. 662, 676 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]'

---

[1] Formerly 28 U.S.C. § 1915(d).

devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont County Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### 2. Application

Applying the foregoing, the undersigned **RECOMMENDS** dismissal of Plaintiff's claims against Defendants Cook, McDowell, and Gleen as well as his general conspiracy claim. Plaintiff may proceed on his excessive force claims against Defendants Spohn, Pennington, and Eitell, his retaliation claims against Defendants Pennington and Eitell, and his Eighth Amendment cruel and unusual punishment claim against Defendant Young.

#### i. Defendants Cook and McDowell

Plaintiff's Amended Complaint fails to state a claim implicating Defendants Cook or McDowell in a specific violation of his constitutional rights. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing

5

*McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).  To sufficiently plead the second element, a plaintiff must allege "personal involvement."  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  The requirement to plead that a defendant was personally involved arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*."  *Id*. (citation omitted).  "A supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).  Put another way, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ."  *Id*.  Here, Plaintiff has failed to allege the requisite "personal involvement."  Mr. Cook's employment as MCI Warden does not automatically establish his personal involvement in any alleged constitutional violations.  Plaintiff's Amended Complaint is devoid of any allegations suggesting that Warden Cook was in some way directly or indirectly involved or that he encouraged or ratified the alleged unconstitutional behavior.  Thus, Plaintiff cannot maintain a cognizable § 1983 claim against Warden Cook.

Plaintiff has similarly failed to allege the requisite "personal involvement" with regard to Mr. McDowell.  Not a single allegation in his Amended Complaint sets forth any purportedly unconstitutional behavior attributable to Mr. McDowell.

### ii. Conspiracy Claims

Likewise, Plaintiff's general allegation that Defendants participated in a "conspiracy to deny . . . [his] substantive constitutional and civil rights" fails to state a claim.  (Am. Compl. ¶ O, ECF No. 71.)  "'[C]onspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a

claim under § 1983.'" *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("[P]leading requirements governing civil conspiracies are relatively strict."). Plaintiff's Amended Complaint makes no further allegations beyond the conclusory existence of a purported a conspiracy. The undersigned, therefore, concludes that Plaintiff's conspiracy claim is too conclusory and speculative to state a claim. *See Hartsfield v. Mayer*, No. 95–1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996) (affirming district court's dismissal of inmate's conspiracy claim, noting that the inmate's "vague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim").

### iii. Medical Indifference Claims

Finally, the undersigned concludes that Plaintiff has failed to state a medical indifference claim against Defendant Gleen. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011).

> The Sixth Circuit has also noted that in the context of deliberate indifference claims:
>
> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted). Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

Here, Plaintiff's allegations fail to sufficiently plead both the objective and the subjective components of an Eighth Amendment deliberate indifference claim. Plaintiff alleges that Defendant Gleen incorrectly reported that no visible bruising or markings appeared on his body after the incident. He further alleges that he was bruised but that Defendant Gleen denied him adequate medical care for his bruises. Plaintiff's alleged bruises do not amount to a sufficiently serious medical need that satisfies the objective component of a deliberate indifference claim. Similarly, his conclusory allegations that he was "denied adequate medical treatment" fail to satisfy the subjective component.

### iv. Conclusion

In sum, the undersigned **RECOMMENDS** that the Court dismiss Plaintiff's claims against Defendants Cook, McDowell, and Gleen, as well as his conspiracy claim such that Plaintiff may proceed only on his § 1983 excessive force claims against Defendants Spohn, Pennington, and Eitell, his retaliation claims against Defendants Pennington and Eitell, and his Eighth Amendment cruel and unusual punishment claim against Defendant Young.

### B. Plaintiff's Motion to Amend

#### 1. Standard

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, when a party decides "to advance a new claim as a result of [] discovery," Rule 15(a) provides for "liberal amendment to the complaint." *Tucker v. Union of Needletrades, Indus. & Textile Emp.*, 407 F.3d 784, 788 (6th Cir. 2005). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, *or would be futile*.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)) (emphasis added). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### 2. Application

Plaintiff's Motion to Amend is **DENIED**.  The Court finds that allowing Plaintiff to amend his Complaint for a third time at this late stage to assert claims against three new defendants would require the parties to engage in additional discovery and would cause unreasonable delay and undue prejudice to Defendants.  Plaintiff brought this action nearly three years ago.  The discovery deadline has passed.  The dispositive motions deadline has passed.  Both parties have filed motions for summary judgment.

Further, Plaintiff's Motion is not sufficiently particular as required by Federal Rule of Civil Procedure 7(b).  Plaintiff has offered no explanation or justification for his delay in seeking to amend his Complaint.  *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)) ("When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.")

Finally, Plaintiff's proposed amendment is futile.  Plaintiff's proposed Second Amended Complaint fails to state claims directly implicating Messrs. Harris and Pepper in a specific violation of his constitutional rights.  Indeed, not a single allegation in his proposed Second Amended Complaint sets forth the purportedly unconstitutional behavior in which they engaged.  As discussed above, Plaintiff's failure to plead "personal involvement" in the alleged constitutional violations is fatal to his claims.  *See Grinter*, 532 F.3d at 575.  Plaintiff seeks to substitute "Mr. Green" for "Mr. Gleen," making no new or additional allegations.  This amendment is futile, however, because for the reasons set forth above, his proposed claims against Mr. Green fail to state a claim.

**III.**

For the reasons set forth above, Plaintiff's Motion for Third Leave to Amend Complaint is **DENIED**.  (ECF No. 90.)  In addition, it is **RECOMMENDED** that Plaintiff's medical indifference and conspiracy claims be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that Messrs. Cook, McDowell and Gleen be **DISMISSED** as Defendants.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

11

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date:  September 25, 2012 				/s/ *Elizabeth A. Preston Deavers*
							Elizabeth A. Preston Deavers
							United States Magistrate Judge

12