UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHAWN THOMAS,**

    **Plaintiff,**

v.

    Civil Action 2:10-cv-0152
    **Judge James L. Graham**
    **Magistrate Judge Elizabeth P. Deavers**

**MR. McDOWELL,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

Plaintiff, Shawn Thomas, an Ohio inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants, employees, and former employees of the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging that Defendants violated his Eighth and First Amendment rights. This matter is before the Court for consideration of Defendants' Motion for Leave to Modify Case Schedule (ECF No. 106) and Plaintiff's Memorandum in Opposition (ECF No. 112). For the reasons that follow, Defendants' Motion is **DENIED**.

### I.

On November 19, 2010, this Court issued a Preliminary Pretrial Order ("PPO"), a scheduling order, setting June 18, 2011, as the deadline for dispositive motions. (ECF No. 23.) Thereafter, upon Defendants' Motions, the Court twice extended the dispositive motions deadline. (ECF Nos. 31, 53.) On March 8, 2012, the Court again extended the dispositive motions deadline, this time until July 7, 2012, and cautioned as follows: "[g]iven the significant extensions already granted in this case, the Court will not further modify or extend the deadlines

set forth above absent a showing of extraordinary cause." (Mar. 8, 2012 Order 2, ECF No. 77.) Then, upon Plaintiff's unopposed Motion, the Court once again moved the dispositive motions deadline until September 7, 2012. (ECF No. 88.) The parties timely filed respective Motions for Summary Judgment, both of which are ripe for review. (ECF Nos. 99 and 100.)

Defendants now move the Court for an order extending the case schedule deadlines such that they may file a second motion for summary judgment. In support of their Motion, Defendants assert that they "have come to believe that since there is no genuine issue of material fact the entire case should be resolved by dispositive motion." (Defs.' Mot. 2, ECF No. 3.) Defendants submit that because "there remains no genuine issue of material fact," that modification of the case schedule to permit them to file a second motion for summary judgment is "in the interest of judicial economy" and will "reduc[e] the expenditure of taxpayer dollars." (*Id*.)

Plaintiff opposes Defendants' Motion. Plaintiff posits that Defendants' "belief" that no genuine issue of material fact exists does not warrant further modification of the case schedule. Plaintiff additionally represents having to respond to a second motion for summary judgment would be burdensome to him. Plaintiff also raises the tangential issue that he has not yet received the responses to his outstanding discovery as promised by Defendants' former counsel.

## II.

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed.

2

R. Civ. P. 16(b)(4); *Andretti v. Borla Perform. Indus, Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (internal quotation marks and citation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

### III.

Defendants fail to establish that good cause exists to modify the case schedule. Nothing in the record to suggests that despite their diligence, Defendants were unable to meet the summary judgment deadline. Indeed, Defendants did timely file a dispositive motion. Instead, it appears that Defendants' desire to change their litigation strategy, perhaps attributable to their new counsel, accounts for their requested case schedule modification. Such a shift in litigation strategy does not set forth good cause under Rule 16. *See, e.g.*, *Waters v. Johnson & Johnson Co.*, No. 2:09-cv-473, 2011 WL 798092, at *4 (S.D. Ohio Feb. 28, 2011) (belatedly retained counsel's desire to implement a different strategy did not establish good cause under Rule 16 to modify the case schedule deadlines); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008) (affirming trial Court's refusal to find good cause to modify the case schedule under Rule 16 upon movant's showing that his new counsel had discovered a new defense available that the previous counsel had not raised); *Onyx Pharm., Inc. v. Bayer Corp.*, No. C-09-2145, 2011 WL 4527402, at *2 (N.D. Cal. Sept. 21, 2011) (denying modification of the case

schedule, explaining that "[c]arelessness and/or change in litigation strategy do not amount to diligence" under Rule 16); *Douglas v. Town of Little Elm, TX*, No. 4:09-CV266, 2010 WL 2307094, at *3 (E.D. Tex. May 7, 2010) (declining to modify the case schedule to "save Plaintiff from the consequence of his own legal strategy" where the plaintiff had failed to otherwise demonstrate good cause under Rule 16); *Carleson v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 96 (W.D.N.Y. Sept. 19, 2011) (internal quotation marks and citation omitted) ("[A] delay attributed to a change in counsel does not constitute good cause because new counsel is bound by the actions of their predecessor."). Moreover, Defendants' proffered justification of judicial economy is not well taken. This proffered justification does not speak to their diligence in meeting case deadlines. Further, this justification improperly requires this Court to presume the success of any permitted subsequent dispositive motion.

**IV.**

In sum, Defendants' failure to show diligence leads the Court to determine that they have failed to demonstrate good cause as required under Rule 16. Defendants' Motion for Leave to Modify Case Schedule is, therefore, **DENIED**. (ECF No. 106.)

With regard to the tangential discovery matter Plaintiff raised, the Court encourages Defendants' new counsel to ascertain whether there is any outstanding discovery that former counsel promised to produce but failed to so. To the extent Plaintiff believes that Defendants' discovery responses are deficient, he must file a motion to compel to obtain relief after attempting to resolve the matter without judicial intervention.

Finally, Plaintiff has moved to correct a scrivener's error that he identified in the Court's October 15, 2012 Order (ECF No. 108). (ECF No. 116.) Plaintiff's Motion is **GRANTED**. The Court amends the October 15, 2012 Order *nunc pro tunc* to read as follows:

On October 9, 2012, Defendants filed a Motion for Leave to Modify Case Schedule. (ECF No. 106.) Pursuant to Southern District of Ohio Local Civil Rule 1.1, this Court **ORDERS** that the default briefing schedule set forth in Local Civil Rule 7.2(a)(2) shall not apply to this Motion and that the parties shall adhere to the following schedule: Plaintiff shall file a memorandum in opposition or other response to the Motion, if any, on or before **OCTOBER 25, 2012**; and there will be no Reply.

**IT IS SO ORDERED**.

Date:  November 15, 2012                                    /s/ *Elizabeth A. Preston Deavers*
                                                                                  Elizabeth A. Preston Deavers
                                                                                  United States Magistrate Judge