```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Shawn Thomas,

    Plaintiff,

  v.                              Case No. 2:10-cv-152

Mr. McDowell, et al.,

    Defendants.

                              ORDER

    This is a civil rights action under 42 U.S.C. §1983 brought by plaintiff Shawn Thomas, an Ohio inmate, against employees and former employees of the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging violations of his rights under the First and Eighth Amendments. Plaintiff filed an amended complaint in the instant case on December 12, 2011. See Doc. 71. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), this court dismissed plaintiff's medical indifference and conspiracy claims and his claims against defendants Cook, McDowell and Gleen on October 17, 2012. Doc. 110. The court permitted plaintiff to proceed on his excessive force claims under 42 U.S.C. §1983 against defendants Spohn, Pennington, and Eitel, his retaliation claims against defendants Pennington and Eitel, and his Eighth Amendment cruel and unusual punishment claim against defendant Young.

    This matter is before the court for consideration of the August 5, 2013, report and recommendation of the magistrate judge, which recommended denying plaintiff's September 10, 2012, motion for summary judgment (Doc. 100) and granting the September 7, 2012, motion for summary judgment of defendants Brandon Eitel and Virgil

Pennington (Doc. 99).[1]  Plaintiff filed timely objections to the report and recommendation on September 5, 2013.  If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); see also Fed R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

I. Plaintiff's Claims

A. Incident on March 16, 2009

Plaintiff's claims against defendants Spohn and Young stem from an incident which occurred on March 16, 2009.  Plaintiff alleges that defendants Spohn and Young harassed and physically threatened him while he was in the segregation cage, forced him to stand in the corner of the cage, refused to let him sleep, and denied him bathroom privileges.  Plaintiff further alleges that upon his release from segregation, Spohn handcuffed him, forced him to the wall outside the cage, and pushed into his neck and back.  Plaintiff alleges that as he bent to pick his pants up off the floor, Spohn slammed him to the floor, and twisted the handcuffs around plaintiff's wrists, causing severe bruising.  In statements given to the institution's Use of Force Committee, Spohn and Young denied plaintiff's allegations and maintained that Spohn used only minimal force to stabilize plaintiff while uncuffing him.  See Doc. 11-3, pp. 19-27, 29-33; Doc. 100-6.

---

[1] Defendant Brian Cook also joined in this motion, but he was subsequently dismissed as a party on October 17, 2012, and therefore the motion for summary judgment, insofar as it applies to him, is moot.

Plaintiff filed an informal complaint resolution dated March 16, 2009, and notification of grievance dated March 22, 2009, regarding the March 16, 2009, incident. Doc. 99-5, pp. 5-6. On April 3, 2009, the institutional inspector found that the evidence was sufficient to support plaintiff's allegations of force, but that the evidence was insufficient to establish inappropriate comments or threats. He granted plaintiff's grievance and forwarded his findings to the warden for review and further action. Doc. 99-5, p. 8. On November 14, 2009, plaintiff filed an appeal to the chief inspector. Doc. 99-5, p. 9. On December 15, 2009, the chief inspector affirmed the institutional inspector's grant of plaintiff's grievance. Doc. 99-5, p. 9. Upon review of the investigation reports, testimony and other evidence, the Use of Force Committee concluded in a report dated April 29, 2009, that Spohn's use of force was unjustified, inappropriate and excessive. The Committee recommended continuation of the disciplinary process for Spohn and Young. Doc. 100-3. Spohn was ultimately terminated from his position of corrections officer as a result of this incident.

B. Incident on April 3, 2009

Plaintiff's claims against defendants Eitel and Pennington arise from an incident on April 3, 2009. Plaintiff alleges that Eitel and Pennington delivered the institutional inspector's disposition of grievance to plaintiff and commented that it was the first time they had ever seen the granting of an inmate's grievance. Plaintiff alleges that later that day, Eitel told him to dump out a cup of hot water that plaintiff had carried from the restroom. Plaintiff alleges that Eitel pinned him against the

3

wall, then took him into a room without a video camera, where Eitel and Pennington ordered him to stand against the wall.  Plaintiff contends that Eitel then slammed him to the floor, sprayed him with mace two or three times, then told him to file a grievance, betting that plaintiff would not win.

Eitel and Pennington have submitted declarations disputing plaintiff's version of the incident. See Docs. 99-2, 99-6.  They state that they observed plaintiff violating a prison rule which prohibited inmates from taking cups into restrooms for sanitary reasons.  Plaintiff shouted obscenities at Eitel and ignored his orders.  After Eitel ordered plaintiff to go to the day room, plaintiff pushed off the wall, and struck Eitel's right leg with the heel of his boot.  As a result, Eitel sustained a bruise on his calf and had stiffness in his knee.  Eitel and Pennington then forced plaintiff to the floor and ordered plaintiff to surrender his left arm.  Plaintiff refused to comply with this order, and Eitel then used one short burst of pepper spray, after which plaintiff surrendered his arm.

Plaintiff filed an informal complaint resolution regarding the April 3, 2009, incident on April 4, 2009.  Doc. 99-5, p. 11.  On April 9, 2009, at the bottom of the form under "Action Taken," the prison staff member stated that plaintiff was not allowed to have cups in the restroom and that he should have complied with the officer's orders. Doc. 99-5, p. 11.  That same day, plaintiff was transferred from the Madison Correctional Facility to the Lebanon Correctional Facility.  On December 17, 2009, plaintiff filed a notification of grievance.  Doc. 99-5, p. 12.  On December 28, 2009, the inspector denied the grievance as untimely.  Doc. 100-1,

4

p. 18.  On January 10, 2010, plaintiff filed an appeal from that decision to the chief inspector.  Doc. 99-5, p. 16.  On February 12, 2010, the chief inspector affirmed the denial of plaintiff's grievance.  Doc. 99-5, p. 17.

II. Defendants' Motion for Summary Judgment

Eitel and Pennington argue in their motion for summary judgment that plaintiff's claims against them should be dismissed because no reasonable trier of fact could find that they utilized excessive force or retaliated against plaintiff, because they are entitled to qualified immunity, and because plaintiff failed to exhaust his administrative remedies.  The magistrate judge recommended that plaintiff's claims against Eitel and Pennington be dismissed without prejudice based upon plaintiff's failure to exhaust his administrative remedies.

This court agrees with the analysis of the magistrate judge. Under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. §1997e(a), a prisoner may not bring an action challenging prison conditions under §1983 or any other federal law until such administrative remedies as are available are exhausted. "Exhaustion" under the PLRA means "proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006).  Proper exhaustion requires prisoners to "tak[e] advantage of each step the prison holds out for resolving the claim internally and ... follow the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." Reed-Bey v. Pramstaller, 603 F.3d 322, 324 (6th Cir. 2010).  A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit is an

5

affirmative defense.  Surles v. Andison, 678 F.3d 452, 455 (6th Cir. 2012).  Summary judgment is appropriate if defendants establish the absence of a genuine dispute as to any material fact regarding non-exhaustion.  Id.

As noted by the magistrate judge, Ohio has established a procedure for resolving inmate complaints.  See Ohio Admin. Code §5120-9-31.  This process includes a three-step grievance system: (1) the filing of an informal complaint by the inmate to a staff member, a direct supervisor of a staff member, or the department most directly responsible for the subject matter of the complaint, within fourteen days of the incident, Ohio Admin. Code §5120-9-31(K)(1); (2) the filing of a formal grievance to the inspector of institutional services within fourteen days after receipt of the response to the informal complaint, Ohio Admin. Code §5120-9-31(K)(2); and the filing of an appeal to the office of the Chief Inspector of the ODRC within fourteen days of receipt of the response to the grievance, Ohio Admin. Code §5120-9-31(K)(3).  See Doc. 99-5, Declaration of Paul Shoemaker, ¶¶ 4-6.  The ODRC rules relating to the timeliness of a grievance constitute "critical procedural rules."  Vandiver v. Correctional Med. Servs., Inc., 326 Fed.Appx. 885, 889 (6th Cir. 2009).

Plaintiff timely filed an informal complaint on April 4, 2009, regarding the April 3, 2009, incident, and a staff member responded to that complaint on April 9, 2009.  Plaintiff did not file his notification of grievance until December 17, 2009, over seven months after the fourteen-day deadline for filing a step-two grievance had passed.  The grievance was denied as untimely.  Plaintiff conceded that his grievance was untimely, but argued in

his memorandum in opposition (Doc. 118) that he was "verbally deterred" from filing the grievance by Pennington and Eitel. However, the PLRA does not excuse the exhaustion requirement even for prisoners under imminent danger of serious physical injury. Arbuckle v. Bouchard, 92 Fed.Appx. 289, 291 (6th Cir. 2004). Even if it did, plaintiff has not alleged any facts showing that he had reason to fear for his safety. Any vague fears of reprisal are also contradicted by the fact that plaintiff filed a timely informal complaint the day after the incident. Plaintiff was also transferred to another institution on April 9, 2009, away from defendants Pennington and Eitel. He could have filed a notification of grievance within the fourteen days without any fear of reprisal from those defendants.

In his objection to the report and recommendation, plaintiff alleges for the first time that the institution never informed him how to participate in the informal complaint, grievance and appeal process, and that he was unaware that the failure to properly exhaust his administrative remedies would result in the dismissal of his federal claims under the PLRA. He argues that this should excuse his failure to properly exhaust his administrative remedies. Plaintiff did not timely make these arguments in response to defendants' summary judgment motion, nor did he present these arguments to the magistrate judge. Matters raised for the first time in objections to the magistrate judge's report and recommendation need not be considered by this court because they were not first presented to the magistrate judge for consideration. See Becker v. Clermont County Prosecutor, 450 Fed.Appx. 438, 439 (6th Cir. 2011)(citing Murr v. United States, 200 F.3d 895, 902-3

7

n. 1 (6th Cir. 2000)); see also United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998)(issues raised for the first time in objections to the magistrate judge's report and recommendation are deemed waived).

In any event, plaintiff's objection is not well taken. The Sixth Circuit requires inmates to make affirmative efforts to comply with the administrative procedures. Risher v. Lappin, 639 F.3d 236, 240 (6th Cir. 2011). The Sixth Circuit has rejected the argument that the failure of a facility to explain the grievance policy or the PLRA excused the inmate's failure to exhaust. See Napier v. Laurel County, Kentucky, 6336 F.3d 218, 221-222 n. 2 (6th Cir. 2011)("A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy.")(citing Brock v. Kenton County, KY, 93 Fed.Appx. 793, 797-798 (6th Cir. 2004)(rejecting inmate's argument that exhaustion should be excused because inmates were not aware of the jail's grievance system)). See also Albino v. Baca, 697 F.3d 1023, 1035-1037 (9th Cir. 2012)(ignorance of grievance procedure and prison's failure to inform inmate of procedure does not make grievance procedure unavailable); Gonzales-Liranza v. Naranjo, 76 Fed.Appx. 270, 272-73 (10th Cir. 2003)(holding that district court did not err in rejecting prisoner's claim that his unawareness of the grievances procedure excused the PLRA's exhaustion requirement); cf. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). As the Eighth Circuit has observed, "Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies

8

that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000).

Although plaintiff claims in his objection that the institution never showed him how to operate the informal complaint, grievance and appeal process, the record includes sworn testimony submitted in support of defendants' motion for summary judgment that all inmates in the custody of ODRC are given both written and oral instructions on how to use the inmate grievance procedure. See Doc. 99-5, Shoemaker Decl. ¶ 7. Plaintiff himself had previously submitted an informal complaint dated March 16, 2009, and a notification of grievance dated March 22, 2009, regarding the March 16, 2009, incident. See Doc. 99-5, pp. 5-6. The informal complaint, Doc. 99-5, p. 5, contains a written comment at the bottom instructing plaintiff that he needed to file a formal grievance. The record also contains a disposition of grievance form dated April 3, 2009, regarding the March 16, 2009, incident, which was delivered to plaintiff by Eitel and Pennington. This form contains language at the bottom advising plaintiff that he could appeal the decision within fourteen calendar days, and that appeal forms were available at the office of Inspector of Institutional Services. These documents indicate that plaintiff knew about the availability of the grievance procedure prior to the April 3, 2009, incident, that he had been told where to go to obtain additional information concerning the grievance process, and that the institution was willing to assist plaintiff in filing a grievance, yet he waited over seven months before filing his notice

9

of grievance regarding the April 3, 2009, incident.

Plaintiff's objection to the magistrate judge's recommendation concerning the dismissal without prejudice of his claims against defendants Eitel and Pennington due to his failure to exhaust administrative remedies is denied.

III. Plaintiff's Motion for Summary Judgment

The magistrate judge also recommended that plaintiff's motion for summary judgment be denied because there are genuine issues of disputed fact regarding his claims against the defendants. Plaintiff offers no reason as to why this recommendation is unsound, other than to state simply that his motion should be granted as to defendants Spohn and Young because the magistrate judge recommended at the initial screening phase of the case that claims against these defendants remain in the case.  This court agrees with the assessment of the magistrate judge that material facts surrounding the March 16, 2009, incident are disputed, and that summary judgment in favor of the plaintiff on his claims against defendants Spohn and Young would not be appropriate.  The court further finds that plaintiff is not entitled to summary judgement on his claims against defendants Pennington and Eitel, as the court has determined that those claims must be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies.  Even if the claims against defendants Pennington and Eitel were not subject to dismissal on that ground, plaintiff would not be entitled to summary judgment on those claims because the record establishes the existence of genuine disputes of material fact in regard to the April 3, 2009, incident as well.

IV. Conclusion

In accordance with the foregoing, the court adopts the report and recommendation (Doc. 137). Defendants' motion for summary judgment (Doc. 99) is granted, and plaintiff's claims against defendants Eitel and Pennington are dismissed without prejudice for failure to comply with the PLRA's exhaustion requirements. Plaintiff's motion for summary judgment (Doc. 100) is denied. The claims remaining are plaintiff's §1983 excessive force claim against defendant Spohn and his §1983 Eighth Amendment cruel and unusual punishment claim against defendant Young.

Date: September 12, 2013         _____S/James L. Graham_____
                                 James L. Graham
                                 United States District Judge

11