UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shawn Thomas,                                   Case No. 2:10-cv-152

        Plaintiff,                              Judge Graham

   v.                                                    Magistrate Judge Deavers

Ronald McDowell, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on the parties' Motions in Limine (docs. 182, 183, & 187). For the reasons that follow, the Court DENIES the Plaintiff's Motion in Limine (doc. 182); GRANTS the Plaintiff's Motion in Limine (doc. 183); and DENIES WITHOUT PREJUDICE the Defendants' Motion in Limine (doc. 187).

**I.     Background**

The Plaintiff, Shawn Thomas, is an inmate currently incarcerated in the Richland Correctional Institution in Mansfield, Ohio. The Defendants, Daniel Spohn and Ronald Young, are correctional officers who worked at the Madison Correctional Institution (MCI) in London, Ohio, at the time of the incident giving rise to this case. On March 16, 2009, the Plaintiff was in the custody of the Ohio Department of Rehabilitation and Corrections (ODRC) at the MCI. Early that morning, while in administrative segregation at the MCI, the Plaintiff alleges that the Defendant Spohn used excessive force against him and that Defendant Young failed to intervene and prevent Defendant Spohn's use of excessive force.

**II.     Previously Undisclosed Witnesses and Documents**

The Plaintiff argues that the Defendants should be precluded from offering any witnesses or exhibits that were not previously disclosed during the discovery period. In late September, the Defendants identified three previously undisclosed witnesses and supplemented their discovery responses with disciplinary and medical reports concerning the Plaintiff. The Plaintiff emphasizes that discovery closed in June 2014 and that he has not had an opportunity to depose the three previously unidentified witnesses in this case. Moreover, he contends that the disciplinary reports produced by the Defendants are irrelevant to this case and prejudicial to the Plaintiff.

> Under Federal Rule of Civil Procedure 26(e):
>
> (1) *In General*. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission-- must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1)(A)-(B). Rule 26(e) "was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures." Barlow v. Gen. Motors Corp., 595 F. Supp. 2d 929, 935–36 (S.D. Ind. 2009).

Rule 37(c) provides the basis for sanctions where a party fails to disclose or supplement as required by Rule 26(a) or (e):

> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a

> trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1)(A)-(C). "The phrase 'substantially justified' is generally interpreted to mean justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Brooks v. Kerry, — F. Supp. 2d —, 2014 WL 1285948, at *10 (D.D.C. Mar. 31, 2014) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted)). Citing the advisory committee note to Rule 37(c), the Sixth Circuit has explained that a failure to supplement is "harmless" where that failure "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." Sommer v. Davis, 317 F.3d 686, 692 (6th Cir. 2003) (quoting Vance v. United States, No. 98–5488, 182 F.3d 920, 1999 WL 455435, at *5 (6th Cir. June 25, 1999) (unpublished) (internal quotation marks omitted)). See also Fed. R. Civ. P. 37(c)(1) advisory committee's note (1993) (giving as an example of a harmless violation the "inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties"). The party accused of failing to comply with Rule 26 has the burden to prove its failure to disclose or supplement was substantially justified or harmless. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003) (collecting cases).

 Here, counsel for the Plaintiff entered his appearance on February 4, 2014. Shortly thereafter, on February 19, the Court issued an Order (doc. 158) permitting additional discovery

with a deadline of June 18, 2014. The Plaintiff subsequently submitted interrogatories and requests for production to the Defendants, asking them to identify persons having knowledge of the March 16, 2009, incident; identify all fact witnesses the Defendants intended to call; to produce all documents related to all expected witness testimony; and to produce all documents intended for use as exhibits or demonstrative aids. See Pl.'s Ex. 1, doc. 190-1. In response to these discovery requests, the Defendants identified themselves alone as having knowledge of the March 16, 2009, incident and as the only fact witnesses that they intended to present at trial. See id. To the Plaintiff's request for production, the Defendants stated that they believed all documents related to expected witness testimony had been produced and that documents intended for use as exhibits were "[t]o be determined." See id. at 14–16. The Defendants' Responses were provided to the Plaintiff on May 30, 2014. Discovery subsequently closed on June 18.

On September 22, the Defendants provided the Plaintiff with supplemental responses to the Plaintiff's interrogatories and requests for production. See Pl.'s Ex. 1 at 38–48. In their supplemental responses, the Defendants identified three new witnesses who will purportedly testify at trial: (1) Brian Cook, former Warden at MCI; (2) Eric Morris, Unarmed Self Defense Instructor at MCI; and (3) Trinity Floyd, Health Care Administrator at RIC. See id. at 39–40. They also produced additional medical and disciplinary records that related to those witnesses' testimony and that they intended to introduce as exhibits. See id. at 40–42.

The question before the Court is whether the Defendants supplemented their discovery responses in a "timely manner" under Rule 26(e)(1)(A) and, if they did not, whether that failure was "substantially justified" or "harmless" under Rule 37(c)(1). The present case has been ongoing for four years. The Plaintiff submitted the relevant interrogatories and requests for

4

production following the Court's February 19, 2014, Order. The Defendants served their responses on the Plaintiff on May 30 and discovery subsequently closed on June 18. The Defendants did not supplement their discovery responses and identify the new witnesses and exhibits until September 22, three months after the close of discovery and one month before the start of trial. Under these circumstances, the Court concludes that these late supplements were not made in a "timely manner" as required under Rule 26(e)(1)(A). See, e.g., Edwards v. Nat'l Vision Inc., 946 F. Supp. 2d 1153, 1159–60 (N.D. Al. 2013) (holding that identification of new evidence three months after close of discovery was incompatible with Rule 26(e)(1)(A)'s requirement that discovery responses be supplemented in a timely fashion); Boyer v. Home Depot U.S.A., Inc., No. 08-13382, 2010 WL 1254847, at *4 (E.D. Mich. Mar. 26, 2010) (holding that defendant's supplemental disclosure of new potential witnesses and documents after the close of discovery and one month before trial was untimely under Rule 26(e)); Saint Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc., 666 F. Supp. 2d 820, 826–27 (N.D. Ohio 2009) (holding that defendant's supplemental disclosure of evidence three months after the close of fact discovery was untimely under Rule 26(e)); see also Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd., No. 95 C 0673, 1996 WL 680243, at *8 (N.D. Ill. Nov. 21, 1996) ("If a party is allowed to withhold the supplementation of its discovery responses until after fact discovery is closed, the purpose of the Rule is effectively frustrated because the opposing party is denied the opportunity to conduct discovery on the supplemented responses"). Consequently, the Court turns to whether the Defendants' failure to supplement their discovery responses in a timely manner was substantially justified or harmless.

  First, the Defendants argue that that the Plaintiff has served multiple sets of interrogatories and requests for production on them and in the process violated Federal Rule of

Civil Procedure 33, which limits the number of interrogatories that may be served on a party. In answering the Plaintiff's third set of interrogatories, Defendant Young objected to the interrogatories that asked him to identify witnesses he intended to present at trial, citing Rule 33, but nonetheless identified himself and Defendant Spohn as witnesses he intended to call at trial.[1] Pl.'s Ex. 1 at 30. The Defendants emphasize that the Plaintiff never sought leave to file additional interrogatories, implicitly arguing that their failure to timely supplement their discovery responses was substantially justified by the Plaintiff's own failure to comply with Rule 33.

The Court is not persuaded by this argument. Here, the Court's February 19 Order (doc. 158) recognized that the parties agreed to conduct additional discovery following the appointment of counsel for the Plaintiff and effectively reopened discovery. The Plaintiff's counsel submitted discovery requests accordingly. The Defendants answered all of the interrogatories, some over objection based on the Plaintiff's alleged violation of Rule 33.[2] It is

---

[1] Defendant Spohn did not raise the same objection in his response to the identical interrogatory. See Pl.'s Ex. 1 at 13.

[2] Whether the Defendants waived this objection is a debatable question:

> [w]hen a party believes that another party has asked too many interrogatories, the party to which the discovery has be[en] propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection.

Allahverdi v. Regents of Univ. of N.M, 228 F.R.D. 696, 698 (D.N.M. 2005). See also 8B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2168.1 (3d ed. 2014) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could "pick and choose" the questions it wanted to answer."). But see Wilkinson v. Greater Dayton Reg'l Transit Auth., No. 3:11cv00247, 2012 WL 3527871, at *2 (S.D. Ohio Aug. 14, 2012) (concluding that Allahverdi ignored the plain meaning of Rule 33, which "permits a party to raise an objection, then answer the interrogatory without waiving the objection").

unclear to the Court why the Plaintiff's alleged violation of Rule 33[3] would substantially justify the Defendants' violation of Rule 26. The Defendants offer no case law to support this conclusion, and the Court cannot discern a basis for such a finding.

Second, with respect to the supplemental medical and disciplinary records, the Defendants dispute whether they had an obligation to supplement those records pursuant to Rule 26(e)(1)(A). According to the Defendants, the Plaintiff's 2014 requests for production did not cover those records and the Plaintiff's previous pro se requests for production only requested medical records from February 1, 2009, to April 30, 2009, which were provided to him. Because these records were not covered by any request for production, according to the Defendants, they could not have violated Rule 26(e)(1)(A) as there was no discovery response that they were obligated to supplement.

But the record does not support this contention. As previously noted, in his 2014 requests for production, the Plaintiff requested that the Defendants produce all documents related to all expected witness testimony and all documents intended for use as exhibits or demonstrative aids. See Pl.'s Ex. 1 at 14–16. Those requests for production cover the supplemental medical and disciplinary records presented to the Plaintiff on September 22. Rule 26(e)(1)(A) required that these supplemental records be presented to the Plaintiff in a timely manner. That did not occur in this case.

Third, the Defendants assert that, "[r]egardless of whether there is an obligation to supplement a discovery request served out of rule and without leave," they supplemented their discovery responses on September 22 in compliance with Rule 26(a)(3). Defs.' Resp. in Opp. at

---

[3] The Court does not agree that the Plaintiff's interrogatories and requests for production submitted when he was representing himself pro se should be considered for purposes of Rule 33 under the circumstances of this case. Discovery was not conducted in earnest until the appointment of counsel in this case, and the Court allowed the reopening of discovery to provide the parties the opportunity to conduct adequate discovery with both sides represented by counsel. Like the Plaintiff, the Defendants benefited from this reopening of discovery as the Court permitted the Defendants to file a second motion for summary judgment.

2, doc. 186. The Defendants elaborate, explaining that Rule 26(a)(3) and the final pretrial order designate the time frame for disclosure of witnesses and exhibits and that their compliance with these obligations moots the Plaintiff's Motion to the extent it seeks Rule 37 sanctions.

The Court appreciates the Defendants' diligence in complying with their obligations under Rule 26(a)(3) obligations and the final pretrial order. But the Court does not believe that this compliance excuses their failure to comply with Rule 26(e)(1)(A). Rule 26(a)(3)'s disclosure obligation is separate and distinct from Rule 26(e)(1)(A)'s obligation to supplement discovery responses in a timely manner. These rules impose separate obligations and serve different purposes. Compliance with one does not substantially justify or render harmless failure to comply with the other. A holding to the contrary would effectively nullify Rule 26(e)(1).

Fourth, the Defendants contend that they did not become aware that their disclosure responses were incomplete until the Court issued its August 21 Opinion and Order (doc. 177) denying their motion for summary judgment. At that time, the Defendants identified "supplementary documents and facts witnesses" to rebut the Plaintiff's anticipated trial testimony and provided them to the Plaintiff on September 22. Defs.' Resp. in Opp. at 5. Implicitly, the Defendants appear to argue that their obligation to comply with Rule 26(e)(1)(A)'s supplemental disclosure requirement did not arise until the Court ruled on their second motion for summary judgment. The Court cannot endorse this position. The Defendants were obligated to supplement their discovery responses in a timely manner. To allow them to avoid that obligation until after the close of discovery and after a ruling on a motion for summary judgment would be contrary to the purpose of Rule 26(e)—to ensure efficient and fair discovery and avoid trial by surprise.

Case: 2:10-cv-00152-JLG-EPD Doc #: 200 Filed: 10/15/14 Page: 9 of 15  PAGEID #: 2221

Fifth, the Defendants maintain that the Plaintiff will not be harmed by the late disclosure of new witnesses because the Defendants offered to make all of these witnesses available for deposition prior to trial at the Plaintiff's convenience. Moreover, the Defendants emphasize, the Plaintiff will be unable to introduce many of his own exhibits at trial without these witnesses authenticating those exhibits. Consequently, the Defendants assert that, "[i]f Plaintiff chooses to use the remaining month before trial battling Defendants' disclosures rather than deposing three additional fact witnesses as the clock continues to tick, any prejudice he suffers from the lack of exhibits or testimony at trial will be of his own creation." Defs.' Resp. in Opp. at 6.

Allowing the Plaintiff to depose these new witnesses in the month before trial does not render the Defendants' failure to comply with Rule 26(e)(1)(A) harmless. By waiting until three months after the close of discovery and one month before trial to supplement their discovery responses with the identity of these new witnesses and new exhibits, the Defendants denied the Plaintiff the ability to conduct fact discovery related to these new witnesses and exhibits. Further, counsel for the Plaintiff has prepared his trial strategy based on the Defendants' original discovery responses. Requiring the Plaintiff to alter his trial strategy at the last minute while trying to depose new witnesses and analyze new exhibits would cause him significant harm.

Sixth, the Defendants repeatedly note that the Plaintiff never made any pretrial disclosures pursuant to Rule 26(a)(3). As a result, they argue, the Plaintiff has unclean hands in bringing his motion in limine, and, insist that, if their fact witnesses are precluded from testifying, the Plaintiff's witnesses should be precluded from testifying as well since none of them were identified until the final pretrial order. Defs.' Resp. in Opp. at 6, n.4.

The Court disagrees with this reasoning. In his interrogatories, the Plaintiff requested that the Defendants identify all witnesses they intended to present at trial. The Defendants have not

9

presented the Court with any evidence that they submitted any similar interrogatory to the Plaintiff. Although the Defendants have violated Rule 26(e)(1)(A), there is no evidence that the Plaintiff have failed to comply with its obligations under Rule 26(e)(1)(A). The Plaintiff's hands are not unclean with respect to Rule 26(e)(1)(A).

Nonetheless, the Defendants maintain that the Plaintiff's failure to comply with Rule 26(a)(3) supports a denial of the Plaintiff's motion in limine. Based on the record before the Court, the Plaintiff has complied with Rule 26(a)(3), which requires parties to identify witnesses and exhibits "at least 30 days before trial." Fed. R. Civ. P. 26(a)(3). The Plaintiff made these disclosures as part of the final pretrial order (doc. 181) on September 23, more than 30 days prior to the trial beginning on October 27. To the extent that Defendants seek to challenge the Plaintiff's compliance with Rule 26(a)(3), they could have done so through motion practice. Moreover, even if the Plaintiff had failed to comply with Rule 26(a)(3), it is unclear why the doctrine of unclean hands would excuse the Defendants' failure to comply with Rule 26(e)(1)(A). The Defendants do not explain why the Plaintiff's alleged unclean hands substantially justify or make harmless their own failure.

Having considered the parties' arguments, the Court concludes that the Defendants violated Rule 26(e)(1)(A). The disclosure of three new witnesses and a significant number of new medical and disciplinary records three months after the close of discovery and one month before trial cannot be considered to be timely under the Rule. Further, the Defendants have failed to demonstrate that their violation of Rule 26(e)(1)(A) was substantially justified or harmless. The Plaintiff's alleged violations of Rule 26 and Rule 33 do not substantially justify or excuse the Defendants' own violations of the same. Nor have the Defendants demonstrated that their failure to comply with Rule 26(e) was an "honest mistake" on their part and that the Plaintiff

otherwise had "sufficient knowledge" of the witnesses and information that they intended to present at trial. The Defendants' failure, consequently, cannot be said to have been harmless. See Sommer, 317 F.3d at 692. To prevent trial by surprise, the Court will preclude the Defendants from presenting the three new witnesses from testifying as fact witnesses and preclude the introduction into evidence of the additional medical and disciplinary records identified on September 22. See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless"). The Court will, however, permit these recently disclosed witnesses and records to be used on rebuttal for the limited purpose of impeachment. See Final Pretrial Order at 4, doc. 181 ("There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party").

### III.     Testimony Regarding the Plaintiff's Criminal Convictions

The Plaintiff seeks to exclude any evidence of his underlying criminal conviction from being presented at trial. In his view, evidence of his conviction is irrelevant to the Defendants' use of excessive force and its introduction would be unfairly prejudicial. Further, the Plaintiff stresses that the Court should not permit the Defendants to use his criminal conviction for impeachment purposes pursuant to Rule 609. In contrast, the Defendants maintain that the Plaintiff's criminal conviction is relevant, not prejudicial, and directly relates to his credibility.

Federal Rule of Evidence 609 identifies the circumstances under which a witness may be impeached by evidence of a criminal conviction. The Rule provides that "(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year,

11

the evidence: (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1)(A). Felony convictions are presumptively admissible for purposes of impeachment subject to the dictates of Rule 403. Rule 403 states a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, the Plaintiff was convicted of two counts of rape and one count of kidnapping—convictions that satisfy Rule 609(a)(1)(A)'s requirements. The Court must determine whether evidence of his convictions is admissible under Rule 403. "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005), and reflects the "proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath," Cummings v. Malone, 995 F.2d 817, 826 (8th Cir. 1993) (citing Campbell v. Greer, 831 F.2d 700, 707 (7th Cir. 1987)). In the Court's view, rape and kidnapping are serious crimes that show "conscious disregard for the rights of others," which "reflects more strongly on credibility than, say crimes of impulse, or simple narcotics or weapons possession." United States v. Lipscomb, 702 F.2d 1049, 1063 (D.C. Cir. 1983). But see Christmas v. Sanders, 759 F.2d 1284, 1292 (7th Cir. 1985) ("a conviction for rape [is] not highly probative of credibility"). The Court concludes that the Plaintiff's convictions for rape and kidnapping are probative of the Plaintiff's character for truthfulness. The Plaintiff's credibility is central to this case and evidence of his convictions would allow the jury to fully evaluate his credibility.

Although this is a close case, the Court concludes that probative value of the Plaintiff's criminal conviction is not substantially outweighed by the danger of unfair prejudice. See Blackshear v. City of Canton, 810 F.2d 199, 1986 WL 18385, at *1 (6th Cir. Nov. 25, 1986) (unpublished) (in civil case, holding that district court did not abuse its discretion in admitting evidence of plaintiff's conviction for rape, kidnapping, and aggravated robbery under Rule 609(a)(1) for impeachment purposes); Johnson v. Lerner, No. 11–62012–CIV, 2013 WL 136214, at *2 (S.D. Fla. Jan. 10, 2013) (holding that, in excessive force case, evidence of plaintiff's convictions for sexual battery admissible for impeachment purposes under Rule 609(a)(1); Molinares v. Limon, No. 1:07–cv–413, 2009 WL 1542896, at *1 (W.D. Mich. June 2, 2009) (holding that, in excessive force case, plaintiff's prior conviction for criminal sexual conduct admissible for impeachment purposes under Rule 609(a)(1)). Therefore, the Court will permit the Defendants to introduce evidence of the Plaintiff's convictions for impeachment purposes under Rule 609(a)(1)(A). To mitigate the possibility of unfair prejudice, the Court will issue a limiting instruction to the jury. Further, the Defendants will be confined to introducing evidence concerning the nature of the Plaintiff's convictions. Absent the Plaintiff opening the door, the Defendants will not be permitted to introduce evidence of the underlying circumstances of the Plaintiff's convictions.

**IV.     Use of Force Committee Documents**

In their Motion in Limine (doc. 187), the Defendants request that the Court exclude any documents produced by the MCI's Use of Force Committee related to the March 16, 2009, incident from being introduced by the Plaintiff. According to the Defendants, if the Court excludes their newly identified witnesses from testifying as fact witnesses, the Plaintiff will not

have any knowledgeable witness who can lay a foundation for the introduction of these documents. Further, the Defendants argue, any findings or conclusions reached by the Use of Force Committee in these documents are based on the ODRC's administrative standards regarding the use of force and not the constitutional standard for excessive force at issue in this case. Therefore, the Defendants contend, the introduction of these documents would be unduly prejudicial and likely to lead to jury confusion about the applicable standard in this case.

The Plaintiff maintains that a decision concerning the admissibility of these documents could best be made at trial. However, should the Court rule on the admissibility of these documents prior to trial, the Plaintiff contests the Defendants' arguments. First, the Plaintiff emphasizes, the Defendants produced and certified the Use of Force Committee documents in question. Therefore, the Plaintiff argues, the Defendant cannot now question their legitimacy or reliability. Second, the Plaintiff asserts, the difference between the ODRC's standard for use of force and the constitutional standard for excessive force does not render the documents in question inadmissible. To protect against any risk of confusion or prejudice, the Plaintiff recommends that the Court issue a limiting instruction rather than exclude all of the documents.

"Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975). As Judge Frost has explained:

> Courts . . . are generally reluctant to grant broad exclusions of evidence in limine, because a court is almost always better situated during the actual trial to assess the value and utility of evidence. To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.

Ross v. American Red Cross, No. 2:09–cv–00905, 2012 WL 2004810, at *2 (S.D. Ohio June 5, 2012) (internal citations and quotations omitted).

Under the circumstances of this case, the Court agrees. The Court is reluctant to rule on the admissibility of these documents absent the evidentiary context provided by trial. The Court will therefore deny without prejudice the Defendants' Motion in Limine (doc. 187). The Defendants may raise an objection to the admission of these documents at trial at which time the Court will consider their admissibility.

## V. Conclusion

For the foregoing reasons, the Court DENIES the Plaintiff's Motion in Limine (doc. 182); GRANTS the Plaintiff's Motion in Limine (doc. 183); and DENIES WITHOUT PREJUDICE the Defendants' Motion in Limine (doc. 187).

IT IS SO ORDERED.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE:  October 15, 2014